# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KIM TRUJILLO-CUMMINGS,

      Plaintiff,

v.                                                              No. CIV 96-1186 BB/DJS

PUBLIC SERVICE COMPANY OF NEW MEXICO,

      Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's motion for attorney's fees and costs (Doc. 37). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the request for attorney's fees will be denied, and the request for costs will be granted.

A prevailing defendant in a civil rights lawsuit is entitled to recover attorney's fees only if the suit was vexatious, frivolous, or brought in order to harass the defendant. *See Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Id.* Even though the Court granted summary judgment in Defendant's favor in this case, that fact alone is not sufficient to justify an award of attorney's fees to Defendant. *See id.* In other words, there is a significant difference between a case that is without merit and a case in which an attorney's fee award is appropriate.

In this case, the Court's review of the materials submitted by Plaintiff indicates that, although Plaintiff had insufficient evidence to back up her assertion of discrimination, she held a sincere belief that she was being treated less favorably, as a woman, than a man in her position would have been treated. Thus, the Court cannot find that Plaintiff brought her lawsuit in order to vex, harass, or embarrass Defendant. In the request for attorney's fees, Defendant focused heavily on Plaintiff's affidavit, submitted following her deposition, which in Defendant's view contains numerous statements contradicting her deposition testimony. Defendant argues the affidavit was submitted only in an attempt to avoid summary judgment, and contends this fact militates in favor of an award of attorney's fees. The Court disagrees, for two reasons. First, the Court ignored any statements in the affidavit that might have contradicted Plaintiff's deposition testimony, as the Court pointed out in the earlier opinion filed in this case. Second, the "conflicts" pointed out by Defendant consist primarily of characterizations rather than factual statements. For example, Defendant complains that Plaintiff averred that she was "constantly" harassed during the "entire time" she was employed at PNM, even though her deposition testimony revealed only sporadic instances of specific conduct by Defendant's employees. These averments are merely examples of attempting to characterize the situation in the most favorable light possible, rather than simply making up facts. As such, they are not sufficiently egregious to warrant the unusual step of awarding Defendant attorney's fees in this case. Moreover, since affidavits are often drafted by a party's attorney, it would not be entirely justified to assess Plaintiff Defendant's attorney's fees based on her attorney's choice of words.

In sum, this is not the rare case in which Defendant should be awarded attorney's fees, under established Tenth Circuit case law. *See Mitchell*. The request for attorney's fees will therefore be denied.

As to the request for costs, Federal Rule of Civil Procedure 54(d)(1) provides that statutory costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." This language creates a rebuttable presumption that the prevailing party is entitled to costs unless the district court so directs in the exercise of its "sound discretion." 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2688 at 288 (2d ed. 1994). This discretion can be exercised to deny a prevailing party costs if the non-prevailing party is indigent. *Cantrell v. IBEW AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (citing *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984), *cert. denied*, 471 U.S. 1099 (1985)). *See also Stanley v. University of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir.), *cert. denied*, 68 USLW 3274 (1999); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 944-45 (7th Cir. 1997). However, the burden is on the losing party to show a cost award would be inequitable and a substantial financial hardship. *Serna v. Manzano*, 616 F.2d 1165, 1167-68 (10th Cir. 1980). Plaintiff's testimony at the hearing on this matter indicates her financial position is somewhat unsettled at this time, due to her pending divorce. However, given her personal income of approximately $40,000 per year from her new job, and the assets to be divided in the divorce, the Court cannot find that Plaintiff is indigent. In addition, the Court cannot find the relatively small cost award in this case would constitute a substantial financial hardship. Therefore, Defendant will be awarded the costs assessed by the clerk, in the clerk's order settling costs (Doc. 51).

An Order in accordance with this Memorandum Opinion will issue.

Dated this 26th day of January, 2001.

_____
BRUCE D. BLACK
United States District Judge